IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss,<br><br>    Plaintiff,<br><br>v.<br><br>Bryan P. Stirling; Warden Richard Cothran; Assistant Warden J. Dean; Major R. Chvala; Captain L. Pack; Captain Staggers; Lieutenant Larry; Associate Warden G. Leaman; Warden John R. Pate; Virginia Grubbs, *Postal Director*; D. Phillips, *Assistant Postal Director*; L. Morris, *Major for Allendale*; Associate Warden Robertson; Mr. Jenkins, *Captain for Allendale*; Associate Warden Gladwell; Charles Williams, *Warden for McCormick*; Major Marshall,<br><br>    Defendants. | Civil Action No. 0:18-326-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Darrell L. Goss's ("Plaintiff" or "Goss") pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary consideration.

On December 17, 2019, United States Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondents' motion for summary judgment and deny Plaintiff's motions for preliminary injunction. Plaintiff filed objections as well as amended objections to the Magistrate Judge's Report, and the matter is ripe for review.

**STANDARDS OF REVIEW**

**I.      The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**II.     Summary Judgment**

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

As the Magistrate Judge acknowledged in her Report, Petitioner has indicated that

the following claims remain in this case:

> (1) Since September, 2016 [to] January 16, 2018 [while housed at Turbeville Correctional Institution], Defendants Warden Cothran, Associate Warden Dean, Associate Warden Leamon, and Major Chvala deprived Plaintiff Goss of natural sunlight exposure;
>
> (2) Since September, 2016 [to] January 16, 2018 [while housed at Turbeville Correctional Institution], Defendants Warden Cothran, Associate Warden Dean, Associate Warden Leamon, and Major Chvala deprived Plaintiff Goss of indoor and outdoor recreation and exercise;
>
> (3) Since February 5, 2018 [to April 19, 2018], Defendants Postal Director Grubbs, and Assistant Postal Director Phillips refuse[d] to deliver Plaintiff Goss' USA Today newspaper to him while at Allendale; and
>
> (4) Since April 19, 2018 [until some time in January 2019], Defendants Warden Williams, Associate Warden Robertson, Associate Warden Glidewell, and Major Marshall deprived Plaintiff Goss of indoor and outdoor recreation and exercise while at McCormick.

(ECF Nos. 207 at 3-4; 239 at 2-3.)

In her Report, the Magistrate Judge first examined whether Plaintiff sufficiently exhausted his claims. With respect to Plaintiff's claims pertaining to the time he served at Turbeville Correctional Institution, the Magistrate Judge found that the evidence of record indicated that Plaintiff failed to properly file his grievances in accordance with the applicable policy and that Plaintiff therefore failed to meet his burden to show that the generally unavailable administrative remedies were somehow unavailable to him.

Next, however, with respect to Plaintiff's claim pertaining to the time he served at Allendale Correctional Institution, the Magistrate Judge found that Defendants failed to show that Plaintiff failed to properly avail himself of the available administrative remedies. Accordingly, the Magistrate Judge examined the merits of Plaintiff's claim pertaining to his time at Allendale, ultimately finding that Plaintiff failed to point to evidence that would allow

3

a reasonable jury to find that Defendants violated his First Amendment rights by preventing inmates housed in the Restricted Housing Unit ("RHU") from having newspapers. Specifically, the Magistrate Judge explained that Defendants presented legitimate, penological interests that are reasonable related to the restriction.

Finally, with respect to Plaintiff's claim pertaining to the time he served at McCormick Correctional Institution, the Magistrate Judge determined that a dispute of fact exists as to whether the grievance process was effectively available to Plaintiff and that Defendants therefore failed to show that this claim should be dismissed based on Plaintiff's failure to exhaust administrative remedies. The Magistrate Judge next considered the merits of Plaintiff's claim regarding the alleged restriction of his indoor and outdoor recreation time while confined at McCormick and found that the evidence failed to create a jury question as to any alleged Eighth Amendment violation. The Magistrate Judge explained that Plaintiff failed to offer evidence to show that the conditions at issue rose to the level present in *Porter v. Clark*, 923 F.3d 348 (4th Cir. 2019), and the Magistrate Judge further explained that Defendants offered evidence showing that legitimate, penological interests necessitated the conditions of confinement during the period at issue.

In his objections and amended objections, Plaintiff first asserts that the Magistrate Judge failed to view the facts in the light most favorable to him and erred by improperly weighing the evidence. (ECF No. 244 at 1-2.) First, with respect to his claims regarding the time he spent incarcerated at Turbeville Correctional Institution–the claims that the Magistrate Judge found not properly exhausted–Plaintiff asserts that the Magistrate Judge failed to consider the evidence he submitted to show that the grievance process was effectively unavailable to him. Plaintiff asserts that the Magistrate Judge ignored evidence

showing that the inmate grievance coordinator ("IGC") thwarted Plaintiff's ability to use the grievance system by improperly overlooking the request to staff member ("RTSM") form that was attached to his grievance and returning the grievance for failure to include an RTSM. (*Id.* at 3-4.)

In her Report, the Magistrate Judge specifically noted that a question of fact exists as to whether Plaintiff and the IGC had a discussion where the IGC informed Plaintiff that he initially overlooked the necessary RTSM form. Nevertheless, the Magistrate Judge found that this issue of fact was not material and did not need to be resolved, because even accepting Plaintiff's version of the facts, any encounter with the IGC did not render the grievance procedure effectively unavailable to Plaintiff because the evidence shows that Plaintiff was able to file a second Step 1 grievance form on the same claim, and this second form was reviewed by the IGC. (ECF No. 239 at 10, n.4.)

In his objections, Plaintiff specifically objects to this finding and asserts that when the IGC mistakenly returned his first grievance, "**the grievance process became unavailable to Goss because he was prevented from utilizing that process as it relates to his first grievance**." (ECF No. 244 at 5 (emphasis in original).) After review, the Court is not convinced by Plaintiff's argument. Rather, as the Magistrate Judge explained, even assuming the correctness of Plaintiff's position that the IGC mistakenly overlooked the RTSM form attached to his first grievance, the issue is not whether Plaintiff was precluded from exhausting his first *grievance* form but whether Plaintiff was precluded from exhausting administrative remedies with respect to his actual *claims.* As the Magistrate Judge explained, even accepting Plaintiff's version of the facts, Plaintiff's first

interaction with the IGC did not render the grievance process effectively unavailable as to the *claim*, because the evidence shows that Plaintiff was able to file a second Step 1 grievance on the same claim, which the IGC subsequently reviewed.  Plaintiff's objection is therefore overruled.

Plaintiff next objects that the Magistrate Judge erred by failing to view the evidence in the light most favorable to him regarding whether prison officials misrepresented SCDC policy to him and told him to submit his request to staff on the kiosk.  Here, the Court finds no error because, contrary to Plaintiff's conclusory assertions, the evidence indicates that policy GA-06.04 instructs inmates in general population to enter RTSM forms through the kiosk except for certain inapplicable issues.  (*See* ECF No. 230-3.)  Because the Court agrees with the Magistrate Judge that the evidence indicates that Plaintiff failed to comply with this policy despite being specifically instructed to do so, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's finding that Plaintiff failed to show that the existing and generally available administrative remedies were effectively unavailable to him with respect to his claims involving his incarceration at Turbeville Correctional Institution.

Next, Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to forecast evidence to show that Defendants violated his First Amendment rights by restricting newspapers to inmates housed in the restricted housing unit ("RHU") at Allendale Correctional Institution. (ECF No. 244 at 13-14.) Plaintiff asserts that the Magistrate Judge misunderstood his argument by considering whether Defendants offered legitimate, penological reasons to justify a "limitation" on newspaper for RHU inmates instead of considering his actual claim, which is whether Defendants offered legitimate penological reasons to justify a "complete ban" on newspaper for RHU inmates.

After review, the Court finds Plaintiff's objection to be simply semantical and insufficient to alter the Magistrate Judge's analysis. The Court wholly agrees with the Magistrate Judge that Plaintiff has not shown any genuine issue of material fact as to his claim that Defendants violated his First Amendment rights by limiting *or* banning newspaper to inmates house in RHU, and the Court further agrees with the Magistrate Judge that Defendants have presented multiple legitimate, penological interests related to support the restriction. Plaintiff's objections on this issue are therefore overruled, and the Court agrees with the Magistrate Judge that Defendants are entitled to summary judgment on this claim.

Finally, the Magistrate Judge found in her Report that Plaintiff's claim regarding the deprivation of outdoor recreation and exercise while housed at McCormick Correctional Institution caused him physical and mental harm was conclusory and unsupported by the record. The Magistrate Judge further noted that Plaintiff had a means for removing himself from the conditions based on evidence that indicated Plaintiff is the one who insisted on remaining in RHU despite qualifying for less restrictive placement. The Magistrate Judge also determined that the evidence submitted by Defendants adequately explained the circumstances regarding the security lockdown and offered legitimate, penological reasons for the lockdown. Accordingly, as mentioned above, the Magistrate Judge found no genuine issue of material fact as to Plaintiff's claim that Defendants violated his Eighth Amendment rights while he was housed at McCormick.

Plaintiff objects to the Magistrate Judge's treatment of this claim and again asserts that the she failed to view the evidence in the light most favorable to him. In support, he points to his declaration where he verifies that his medical conditions stem from a lack of exercise, and he points to the medical report of Dr. Michael Ferlauto, which indicates that

7

Plaintiff should receive outside recreation for his mental and physical health.  In addition, Plaintiff objects the Magistrate Judge's determination that the facts of this case are more akin to those in *Mickle v. Moore*, 174 F.3d 464 (4th Cir. 1999), than *Porter v. Clark*, 923 F.3d 348, (4th Cir. 2019).

Here, it is clear from the Magistrate Judge's Report that she did consider the evidence relied on by Plaintiff in the light most favorable to him.  Ultimately, however, she determined that the evidence did not indicate conditions of confinement similar to those in *Porter*.  (ECF No. 239 at 29.)  And she explained that *even if* Plaintiff could make such a showing, Defendants nevertheless presented legitimate, penological reasons underlying the lockdown and the gradual process of moving out of lockdown based on security issues and staffing levels.  Ultimately, the Court agrees with the Magistrate Judge's analysis and finds Plaintiff's objections unavailing; stated plainly, the Court finds that the evidence of record does not create a genuine issue of material fact as to whether Defendants violated Plaintiff's Eighth Amendment rights.

Lastly, Plaintiff does not appear to object to the Magistrate Judge's recommendation that the Court deny Plaintiff's motions for preliminary injunction (seeking an order directing Defendants to allow Plaintiff to receive photocopies of handwritten papers as well as adequate legal supplies), and the Court finds no error in the Magistrate Judge's analysis and agrees that Plaintiff has failed to demonstrate a likelihood of success on the merits.

## **CONCLUSION**

Based on the foregoing, the Court hereby overrules Plaintiff's objections (ECF Nos. 244 and 247) and adopts in full the Magistrate Judge's Report (ECF No. 239) and specifically incorporates it herein.  The Court denies Plaintiff's motions for preliminary

injunction (ECF Nos. 208 and 235) and grants Defendants' motion for summary judgment (ECF No. 175), and the Court finds moot Plaintiff's motion to expedite (ECF No. 253).

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

August 21, 2020
Charleston, South Carolina

******

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.